Stuart Price, Esq. (SBN:150439)
Price Law Group, APC
15760 Ventura Boulevard, Suite 800
Encino, CA 91436
Tel: 818-907-2030
stuart@pricelawgroup.com
*Attorneys for Plaintiff,*
*Elaine Moreno*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELAINE MORENO,<br><br>Plaintiff,<br><br>v.<br><br>CHECK 'N GO OF CALIFORNIA, INC,<br><br>Defendant(s). | Case No.:<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL<br><br>1. TCPA, 47 U.S.C. § 227<br>2. RFDCPA, Cal. Civ. Code § 1788<br><br>(Unlawful Debt Collection Practices) |

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff, Elena Moreno ("Plaintiff"), through her attorneys, alleges the following against Defendant, Check 'N Go of California, Inc. ("Check 'N Go" or "Defendant"):

## <u>INTRODUCTION</u>

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic

dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under 47 U.S.C. §227 et seq. and 28 U.S.C. 1331.

4. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)* in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

5. Defendant transacts business here; personal jurisdiction is established.

## PARTIES

6. Plaintiff is a natural person residing in Palmdale, Los Angeles County, California.

7. Plaintiff is a debtor as defined by *Cal. Civ. Code § 1788.2(h).*

8. Defendant, Check 'N' Go, is a creditor engaged in the business of giving loans and managing credit accounts with its principal place of business located at 7755 Montgomery Road, Suite 400, Cincinnati, Ohio 45236. Defendant can be served with process at CT Corporation System 818 West 7th Street, Suite 930, Los Angeles, California 90017.

9. Defendant is a debt collector as that term is defined by Cal. Civ. Code §1788.2(c).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a debt from Plaintiff.

12. In or around December 2016, Defendant began placing calls to Plaintiff's cellular phone number (818) 800-9260, in an attempt to collect an alleged debt.

13. The calls mainly originated from: (661) 265-7480 and (877) 793-2265. Upon information and belief, these numbers are owned or operated by Defendants.

14. On or about January 16, 2017, at 11:37 a.m., Plaintiff answered a call from Defendant originating from (661) 265-7480; Plaintiff heard a pause before the collection agent began to speak, indicating the use of an automated telephone dialing system.

15. Defendant's representative informed Plaintiff that it was attempting to collect a debt.

16. Plaintiff unequivocally revoked consent to be called any further.

17. Plaintiff's request was ignored and Defendant continued to call her on her cellular phone.

18. On or about February 3, 2017, at 3:30 p.m., Plaintiff answered a call from Defendant originating from (661) 265-7480.

19. Defendant's representative informed Plaintiff that it was attempting to collect a debt and Plaintiff, for the second time, unequivocally revoked consent to be called any further.

20. Defendant continued to call Plaintiff almost daily throughout the month of February, sometimes calling more than one time per day.

21. During the month of March, Defendant continued to place the incessant phone calls to Plaintiff's cellular phone, sometimes more than one time per day.

22. On March 22, 2017, Defendant called Plaintiff's cellular phone at least three times at 8:11 a.m., 2:12 p.m., and 3:30 p.m. Each of the phone calls originated from (877) 793-2265.

23. On or about March 31, 2017, at 8:30 a.m., Plaintiff answered a call from Defendant originating from (877) 793-2265.

24. Defendant's representative informed Plaintiff that it was attempting to collect a debt and Plaintiff, for the third time, unequivocally revoked consent to be called any further.

25. The harassing phone calls became even more frequent proceeding Plaintiff's third revocation to be contacted further by Defendant, occurring almost every day and sometimes more than three times per day.

26. On April 4, 2017, Defendant called Plaintiff's cellular phone four times at 8:32 a.m., 11:29 a.m., 2:15 p.m., and 3:30 p.m.

27. On April 26, 2017, Defendant called Plaintiff's cellular phone at least six times at 8:22 a.m., 10:27 a.m., 11:44 a.m., 12:25 p.m., 1:54 p.m., and 2:37 p.m.

28. Between January 16, 2017, the day that Plaintiff first revoked consent to be contacted by Defendant, and May 16, 2017, Defendant called Plaintiff on her cellular phone approximately one hundred and forty (140) times, despite Plaintiff's multiple revocations of consent to be contacted.

29. As a result of Defendant's conduct, Plaintiff has sustained actual damages including but not limited to, emotional and mental pain and anguish.

30. Plaintiff has been increasingly stressed out and has become fearful of the phone calls.

31. The phone calls have affected Plaintiff's work by ringing during her working hours and causing Plaintiff to silence her phone.

**COUNT I**

**(Violations of the TCPA, 47 U.S.C. § 227)**

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a) Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any

telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b) Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

34. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788)**

35. Plaintiff incorporates herein by reference all of the above paragraphs of this complaint as though fully set forth herein at length.

36. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

a) Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

b) Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt; and

ii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

iii. Defendant violated CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

37. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

38. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Elaine Moreno, respectfully requests judgment be entered against Defendant, Check 'N Go of California, Inc. for the following:

A. Declaratory judgment that Defendant violated the RFDCPA;

B. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices act, Cal. Civ. Code §1788.30(b);

C. Actual damages pursuant to Cal. Civ. Code §1788.30(b);

D. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code §1788.30(c);

E. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: May 30, 2017

By:*/s/ Stuart Price*

Stuart Price, Esq.
15760 Ventura Blvd., Suite 800
Encino, CA 91436
Tel: 818-907-2030
stuart@pricelawgroup.com
Attorneys for Plaintiff,
Elaine Moreno